# In the United States District Court for the Western District of Texas

| Rothe Development Corp. | § | |
| --- | --- | --- |
| | § | |
| v. | § | SA-98-cv-1011 |
| | § | |
| United States Department of Defense | § | |

## Order regarding Plaintiff's Bill of Costs

Plaintiff seeks recovery of its costs under the EAJA. As noted in the Court's Order denying Plaintiff's application for attorney's fees, the Government's position in this case was substantially justified. The government's position "can be justified even though it is incorrect, and it can be substantially justified if a reasonable person could think it correct." *Manno v. United States*, 48 Fed. Cl. 587, 589 (2001) (internal quotations omitted). "Substantially justified" is not to "'be read to raise a presumption that the [g]overnment position was not substantially justified simply because it lost the case.'" *Scarborough v. Principi*, 541 U.S. 401, 415 (2004) (quoting H.R. Rep. No. 96-1005, at 10).[1]

---

[1] In the alternative, the Court also denies the request for attorney's fees because under the EAJA statute, a plaintiff is required to demonstrate that its net worth did not exceed $7,000,000.00 "at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(ii). The Plaintiff was required to provide the court with documentation of its net worth as of the date the Complaint was filed. The plaintiff bears the burden of demonstrating that it meets the restrictions established for eligible corporate parties under the EAJA. It does not appear that any such evidence was provided. *See Al Ghanim Combined Group Co. v. United States*, 67

However, Plaintiff also seeks recovery of its costs under Fed. R. Civ. P. 54(d). Rule 54(d) states: "costs-other than attorney's fees-should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d).

There appears to be some tension in the cases whether a presumption of entitlement to costs should apply where a litigant is a "prevailing party" against the United States. *See, e.g., Hiller v. U.S.*, 2008 WL 449846 (N.D. Cal. 2008). It appears uncontested, however, that a trial court has considerable discretion in awarding or denying costs.

The Court finds that, under the circumstances of this case, Plaintiff should recover some of its costs, as defined in 28 U.S.C. § 1920, to the same extent that Rule 54(d)(1) of the Federal Rules of Civil Procedure permits a prevailing party to recover costs against non-governmental parties. The case was complex, and addressed novel issues of law.[2]

---

Fed.Cl.494, 498 (Fed. Cl. 2005); *Fields v. United States*, 29 Fed.Cl.376, 382 (Fed. Cl. 1993) ("A conclusory affidavit without supporting evidence is inadequate to establish such party status [eligibility to receive an award under EAJA]."). In the case before this court, plaintiff provided net worth information for January, 2002 and April, 2002, but not for August, 2002, when the action was initially filed. Plaintiff's failure to provide this court with the required net worth information renders plaintiff's application deficient. *See Al Ghanim Combined Group Co. v. United States*, 67 Fed.Cl. at 496 ("Failure to submit documentation of plaintiff's net worth, for the purpose of determining whether plaintiff qualifies for an award under EAJA, renders an application deficient.").

[2] The Government objects to recovery of any costs incurred prior to June 30, 2005 arguing that on July 24, 2004 this Court denied Plaintiff's application for attorney's fees and costs and the Federal Circuit later upheld that Rothe failed to preserve its claim for attorney's fees and costs. 413 F.3d at 1339. The Government argues the law of the case doctrine prohibits costs to be awarded for costs incurred prior to June 30, 2005. It is far from certain what dispositive effect that ruling had given the Federal Circuit's ultimate disposition of this case. The Government's objection is noted and overruled.

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)," *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); and, it provides: A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff seeks $910.00 in clerk and Marshal fees. Those costs are granted.

Plaintiff seeks $9,832.16 in court reporter transcription fees. Those costs are granted.

Plaintiff seeks $280.00 for fees and disbursements for printing and witnesses. Those costs are granted.

Plaintiff seeks $27,974.38 for "fees for exemplification and the costs of making copies of any materials where the copies" were necessarily obtained for

use in the case. Those costs are granted.

The remainder of Rothe's request is denied inasmuch it seeks reimbursement for costs that are not recoverable under section 1920. In the alternative, the remaining costs are denied inasmuch as Rothe has failed to specify with particularity why the costs and expenses were necessary and whether they fall within the statute's parameters of recoverable costs.

It is so ORDERED.

SIGNED this 12 day of August, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE